UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KENNETH VICTOR GALFO,** § | | |
| **SID # 662395,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-15-CA-420-DAE |
| **BEXAR COUNTY, TEXAS, and** § | | |
| **BEXAR COUNTY SHERIFF** § | | |
| **SUSAN PAMERLEAU,** § | | |
| § | | |
| **Defendants** § | | |

# D I S M I S S A L   O R D E R

Before the Court is Plaintiff Kenneth Victor Galfo's 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed In Forma Pauperis (IFP).

Galfo's § 1983 Complaint alleges: On March 14, 2015, he was arrested for failing to identify himself, a class C misdemeanor. On April 1, 2015, the magistrate judge sentenced Galfo to time served. Washington State has an outstanding warrant on Galfo, and the magistrate judge ordered that Galfo be released within eleven days if Washington did not take him into custody. Galfo waived extradition. Galfo's Complaint alleges that due to the County's "negligen[ce]" he remained in custody beyond the time allowed for his extradition by the magistrate judge and in violation of the Texas Code of Criminal Procedure. Galfo seeks damages, punitive damages, and an injunction ordering his immediate release.

The public record shows Galfo was released from Bexar County custody on June 2, 2015 and transferred to the custody of Washington State authorities.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) require this Court to screen an IFP or prisoner's complaint and dismiss the complaint if the Court determines it is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Generally before dismissal this Court would enter a show cause order advising the plaintiff of the deficiency of his allegations and give the plaintiff an opportunity to amend. However, Galfo's Complaint fails to state a non-frivolous claim for a whole host of reasons, including reasons that no amendments could cure, and thus entering such a show cause order in this case would be pointless. Therefore Galfo's Complaint shall be dismissed for the following reasons:

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Negligence is not a basis for an Eighth or Fourteenth Amendment civil rights action under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). The brief delay in Galfo's extradition did not violate his federal or constitutional rights, and

therefore Galfo failed to state a non-frivolous § 1983 claim.  *See Ellis v. Hargrove*, 75 Fed. App'x 229, 230 (5th Cir. 2003) (plaintiff's allegation he was held for 47 days before extradition failed to state a § 1983 claim); *Nichols v. McKelvin*, 52 F.3d 1067, *5 (5th Cir. 1995) (unpublished) (finding that there was no Fourteenth Amendment claim for holding plaintiff 31 days prior to extradition because there was no evidence that defendants acted with anything more than negligence);[1] *see also Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003) (holding that "negligence is insufficient to support a finding of liability" in the Eighth Amendment context); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (holding that the Extradition clause of the Constitution does not confer rights on the individual sought for extradition).

Furthermore, Galfo's § 1983 Complaint challenging his detention pending his extradition is barred by *Heck v. Humphrey*.  In *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held a civil rights claim for damages arising from alleged wrongful imprisonment does not accrue until that imprisonment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  The extradition proceeding Galfo challenges was concluded by his waiver of extradition and his transfer to the custody of Washington State.  Because Galfo's custody pending extradition has not been declared unlawful in the extradition proceedings or through a habeas corpus proceeding, and because his custody pending extradition and the extradition proceedings have been concluded, his civil rights action is barred by *Heck v. Humphrey*.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (*Heck* bars a state prisoner's § 1983 action, absent prior invalidation,

---

[1] Although the Court recognizes that *Ellis* and *Nichols* are unpublished opinions and therefore unbinding on this Court, the Court finds the reasoning laid out in the opinions persuasive.

if "success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Moreover, injunctive and declaratory relief are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held where an inmate seeks release from confinement the inmate's sole remedy is through a writ of habeas corpus. Moreover, Galfo's claim for injunctive relief is moot because he is no longer in Bexar County custody. *See First Ind. Fed. Sav. Bank v. FDIC*, 946 F.2d 503, 507 (5th Cir. 1992) (issue was moot where no meaningful relief was available that would redress the alleged harm).

Galfo failed to allege a basis for a claim against Bexar County or Sheriff Pamerleau in her official capacity. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Galfo's Complaint fails to allege the requisite custom, practice, or policy as a basis for a claim against Bexar County, beyond mere conclusory allegations.

In a § 1983 civil rights action a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. Galfo fails to allege facts that would support a non-frivolous claim Sheriff Pamerleau violated his

federal or constitutional rights, and thus has no claim against her in her individual or official capacity.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 239-43. Defendant Pamerleau in her individual capacity is entitled to invoke qualified immunity, and Galfo failed to allege *particular facts* sufficient to show Defendant Pamerleau is not entitled to qualified immunity.

Accordingly, Galfo's § 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) for failure to state a non-frivolous civil rights claim and because he seeks monetary relief against an immune defendant.

**The Clerk shall send a copy of this Dismissal Order and the Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."**

DATED: June 16, 2015

_____
DAVID A. EZRA
Senior United States District Judge